## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

**ALINA BOYDEN** and
**SHANNON ANDREWS**,

                Plaintiffs,                            Case No. 17-cv-264

      vs.

**STATE OF WISCONSIN DEPARTMENT**
**OF EMPLOYEE TRUST FUNDS, et al.,**

                Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

        To enable the parties' experts to examine relevant documents and give testimony about their conclusions based on those documents and to enable the parties to adequately prosecute and defend this litigation, Plaintiffs Alina Boyden and Shannon Andrews, and State Defendants, State of Wisconsin Department of Employee Trust Funds, Wisconsin Group Insurance Board, Robert J. Conlin, Secretary of the Department of Employee Trust Funds, Board of Regents of the University of Wisconsin System, Raymond W. Cross, President of the University of Wisconsin System, Rebecca M. Blank, Chancellor of the University of Wisconsin-Madison, University of Wisconsin School of Medicine and Public Health, and Robert N. Golden, M.D., Dean of the University of Wisconsin School of Medicine and Public Health, by and through their respective attorneys, hereby stipulate and agree that the Court may enter the following protective order without hearing or notice::

        1.      (a)  Any party from time to time may designate as "Confidential" any

portion of discovery materials which contain non-public, personal confidential information, including information contained in medical or mental health treatment records, that the party in good faith deems not relevant to the issues in this case or of such a nature that the party's privacy interests in the confidential information outweigh the probative value of the confidential information.   "Confidential" shall also mean confidential materials that contain social security numbers, home addresses, names of minor children, full dates of birth, financial account numbers, passwords, and other information required to be redacted by federal law or court rules.

(b)    Social security numbers, home addresses, names of minor children, dates of birth except the year, and financial account numbers may be redacted by a producing party prior to production, in lieu of labeling such information confidential.

(c)    A document shall be designated as "Confidential" by placing the word "CONFIDENTIAL" on each page of the document or, if designating a document produced in native format, identifying to counsel for the producing party the document number the designating party wishes to designate confidential.

2.    Documents or information designated as "Confidential" shall be disclosed only to counsel of record in this action and individuals employed by or assisting counsel in litigating this action, including expert witnesses, the parties, the Court, court personnel, members of the jury, stenographic reporters engaged for

depositions or other proceedings necessary for the conduct of this case, and impartial neutrals retained to mediate this action.

3.     Any such confidential documents or information shall be used only for the purpose of litigating this action and may not be used by any party or person for any other litigation or non-litigation related purpose.

4.     Counsel for the parties shall exercise reasonable professional judgment in requesting the minimum necessary confidential records of Plaintiffs for litigating or pursuing settlement in this lawsuit. All persons allowed access to confidential records pursuant to this agreement shall take reasonable and necessary measures to maintain the confidentiality of such records, and are prohibited from using or disclosing the confidential records for any other purposes other than litigating or pursuing settlement in this lawsuit.

5.     Any witness, lay or expert, to whom such confidential documents or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person.  If confidential materials which have not been marked as "CONFIDENTIAL" are disclosed in a setting where the producing party who designated materials as confidential is present, the burden shall fall on the producing/designating party, and not the disclosing party, to inform the witness of the Protective Order.  If confidential materials have been marked as "CONFIDENTIAL", the burden shall fall on the disclosing party to inform the witness of the Protective Order.

Counsel shall inform the witness of the Protective Order by securing from each such witness the attached written statement that he/she understands that, pursuant to this Protective Order, such person may not divulge any such confidential documents or information to any other person and that he/she further submits to this Court's jurisdiction for contempt or any other appropriate proceeding in the event of any alleged violation of this Protective Order. The form of such statement is attached hereto as Exhibit A. Copies of the executed statement obtained by a party shall be promptly furnished to the opposing party at the conclusion of this action.

6.      The terms and conditions of this Order shall remain binding on all parties and their counsel and persons who have executed Exhibit A during the pendency of this action and after its conclusion.

7.      (a) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other evidence filed with the Court would reveal information that has been designated as confidential, the party seeking to file the evidence shall: (i) secure the consent of the opposing party; or (ii) redact or file under seal the confidential information pursuant to the procedures of the United States District Court for the Western District of Wisconsin for filing sealed documents.[1]  The burden will always be on the party seeking protection to label as "Confidential" any interrogatory answer, transcript, or response to a request

---

[1] Available at www.wiwd.uscourts.gov/sites/default/files/Admin_Order_311.pdf; http://www.wiwd.uscourts.gov/electronic-filing-procedures#VII._Documents_Filed_With_Redaction__Under_Seal_or_Ex_Parte.

for admission as confidential, before the burden will fall on the opposing party to redact or seal.  In the case of deposition testimony, counsel for any party desiring to designate any portion of the transcript or exhibits thereto confidential shall, within fourteen days after the transcript has been received by such counsel, designate those portions of the transcript which contains testimony concerning confidential materials as "Confidential."

(b) Any party filing evidence designated as confidential must either (1) file the material under seal; or (2) file an objection to the designation of the information as confidential.  If such an objection is made, the person having designated the information as confidential may file a motion to seal within 21 days of the objection.   Until the objection is ruled upon by the Court, the confidential material may only be filed under seal.

8.    An inadvertent failure to designate documents or information as Confidential does not, standing alone, waive the right to so designate the document.

9.    The designation of any material or document as "Confidential" is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the

5

designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential under the terms of this Order.

10.     Any party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

11.     Upon termination of this lawsuit, including termination of any appeal from the final judgment of this Court, all confidential records obtained, disclosed or used pursuant to this order, and any copies thereof, shall be destroyed or returned to the entity that provided the records. In the alternative, counsel shall protect the confidentiality of the records for so long as they are retained by counsel, and shall

limit further uses and disclosures of confidential information as required by this Order.

     Dated this 26th day of February, 2018.

**HAWKS QUINDEL, S.C.**
*Counsel for Plaintiffs,*

By: */s/ Nicholas E. Fairweather*
Nicholas E. Fairweather, State Bar No. 1036681
Email: nfairweather@hq-law.com
Michael R. Godbe, State Bar No. 1104823
Email: mgodbe@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

**AMERICAN CIVIL LIBERTIES UNION OF WISCONSIN FOUNDATION**
*Counsel for Plaintiffs,*

By: */s/ Laurence J. Dupuis*
Laurence J. Dupuis, State Bar No. 1029261
Email: ldupuis@aclu-wi.org
ACLU of Wisconsin Foundation
207 East Buffalo Street, Suite 325
Milwaukee, Wisconsin 53202
Telephone: (414) 272-4032

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
*Counsel for Plaintiffs,*

By: */s/ John A. Knight*
John A. Knight
Email: jaknight@aclu.org
ACLU Foundation
Lesbian Gay Bisexual Transgender Project
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
Telephone: (312) 201-9740

**WISCONSIN DEPARTMENT OF JUSTICE**
*Counsel for State Defendants,*


By: */s/ Colin T. Roth*
Colin T. Roth, State Bar No. 1103985
Email: rothct@doj.state.wi.us
Steven C. Kilpatrick, State Bar No. 1025452
Email: kilpatricksc@doj.state.wi.us
Jody J. Schmelzer, State Bar. No. 1027796
Email: schmelzerjj@doj.state.wi.us
Wisconsin Department of Justice
P.O. Box 7857
Madison, Wisconsin 53707-7857
Telephone: (608) 264-6219
Facsimile: (608) 267-2223


By the Court:

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2018.


_____
Hon. William M. Conley
U.S. District Judge

## EXHIBIT A

### CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME],
_____ [POSITION AND EMPLOYER],
am about to receive Confidential Materials supplied in connection with Boyden v.
State of Wisconsin Department of Employee Trust Funds, case no. 17-CV-264,
pending in the United States District Court for the Western District of Wisconsin,
(the "Proceeding).  I certify that I understand that the Confidential Materials are
provided to me subject to the terms and restrictions of the Stipulated Protective
Order filed in this Proceeding. I have been given a copy of the Stipulated Protective
Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulated Protective
Order, including any notes or other records that may be made regarding any such
materials, shall not be
Disclosed to anyone except as expressly permitted by the Stipulation and Protective
Order. I will not copy or use, except solely for the purposes of this Proceeding, any
Confidential Materials obtained pursuant to this Protective Order, except as
provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials
provided to me in the Proceeding in a secure manner, and that all copies of such
Materials are to remain in my personal custody until termination of my
participation in this Proceeding, whereupon the copies of such Materials will be
returned to counsel who provided me with such Materials.

Executed this _____ day of _____, 20__, at _____.

BY: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number