IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALINA BOYDEN and
SHANNON ANDREWS,

    Plaintiffs,        Case No. 17-cv-264

  v.

STATE OF WISCONSIN DEPARTMENT
OF EMPLOYEE TRUST FUNDS, et al.,

    Defendants.

## PLAINTIFFS' PROPOSED AMENDMENTS TO JURY INSTRUCTIONS

Pursuant to the Court's Pretrial Conference Order (Dkt. # 215), Plaintiffs, by their undersigned attorneys, submit the following proposed amendments to jury instructions regarding the available categories of compensatory damages.

### I. PROPOSED CHANGES TO INTRODUCTORY INSTRUCTIONS

In replacement of Paragraph One on Page Two of the introductory jury instructions, Plaintiffs propose the following language:

Your role, therefore, will be limited to determining what, if any, compensation or damages should be awarded to plaintiffs. In this case, the evidence will fall into three categories: (1) the costs of surgeries and hormone therapy paid for by the plaintiffs that were not covered because of the exclusion; (2) the reasonable costs of other medical treatments that the plaintiffs received and paid for that would not have been necessary had the exclusion not existed; and (3) the mental and emotional pain and suffering that plaintiffs have experienced that they

would not have experienced if the exclusion had not prevented or delayed plaintiffs from receiving treatment, and any other mental and emotional pain and suffering resulting from being subject to the exclusion during their employment.

## II.   PROPOSED CHANGES TO CLOSING INSTRUCTIONS

In replacement of Paragraph Four of Part B of the closing jury instruction ("Compensatory Damages"), Plaintiffs propose the following language:

In assessing damages here, you should consider the following types of compensatory damages:

      a.    The costs of surgeries and hormone therapy received and paid for by the plaintiffs that were not covered by their State employee health insurance because of the exclusion, including costs of financing that medical care, such as penalties associated with early withdrawals from retirement accounts;

      b.    The reasonable costs of other medical care that plaintiffs reasonably needed, actually received, and paid for that would not have been necessary if the exclusion had not existed, such as Ms. Boyden's co-payments for testosterone blockers which could have been discontinued if she had obtained surgery and co-payments for additional psychotherapy Ms. Andrews received to help cope with gender dysphoria that would have been alleviated by earlier surgery;

      c.    Mental and emotional suffering resulting from the exclusion. This includes the continued mental and emotional pain and

suffering from gender dysphoria that plaintiffs experienced because the exclusion of coverage prevented or delayed plaintiffs from receiving treatment they needed. It also includes any other mental or emotional pain and suffering that plaintiffs experienced during their employment as a result of being subject to the exclusion, such as the humiliation of being subjected to a policy that discriminated against them. No evidence of the dollar value of physical, mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate plaintiffs for the injury they have sustained.

Dated this 27th day of September, 2018.

HAWKS QUINDEL, S.C.
*Counsel for Plaintiffs,*

By: */s/ Nicholas E. Fairweather*
Nicholas E. Fairweather, State Bar No. 1036681
Email: nfairweather@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
Michael R. Godbe, State Bar No. 1104823
Email: mgodbe@hq-law.com
Amanda M. Kuklinski, State Bar No. 1090506
Email: akuklinski@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040

**AMERICAN CIVIL LIBERTIES UNION OF
WISCONSIN FOUNDATION**
*Counsel for Plaintiffs,*

By: _/s/ Laurence J. Dupuis_
Laurence J. Dupuis, State Bar No. 1029261
Email: ldupuis@aclu-wi.org
Asma I. Kadri, State Bar No. 1114761
Email: akadri@aclu-wi.org
ACLU of Wisconsin Foundation
207 East Buffalo Street, Suite 325
Milwaukee, Wisconsin 53202
Telephone: (414) 272-4032

**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
*Counsel for Plaintiffs,*

By: */s/ John A. Knight*
John A. Knight
Email: jknight@aclu.org
ACLU Foundation
Lesbian Gay Bisexual Transgender Project
Carolyn M. Wald
Email: cwald@aclu-il.org
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
Telephone: (312) 201-9740