IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALINA BOYDEN and
SHANNON ANDREWS,

        Plaintiffs,                      Case No. 17-cv-264

v.

STATE OF WISCONSIN DEPARTMENT
OF EMPLOYEE TRUST FUNDS, et al.,

        Defendants.

**MEMORANDUM IN SUPPORT OF PRECLUDING DEFENDANTS
FROM ARGUING THAT A THIRD-PARTY HEALTH PLAN
MIGHT NOT HAVE COVERED GENDER-CONFIRMING SURGERY
EVEN IN THE ABSENCE OF THE EXCLUSION**

Pursuant to the Court's October 4, 2018 Order (Dkt. # 229), Plaintiffs, Alina Boyden and Shannon Andrews (collectively "Plaintiffs"), through their undersigned counsel, respectfully submit the following memorandum in support of precluding Defendants from presenting evidence that their third-party health plans might not have approved gender-confirming surgery even in the absence of the Exclusion. Defendants seek to do so through the testimony of Eileen Mallow, Director of ETF's Office of Strategic Health Policy.

This issue has already been substantially briefed in response to Defendants' Motion *in Limine* to Exclude Damages Evidence Related to Shannon Andrews' Facial Feminization Surgical Procedures (Dkt. # 187). In that Motion, Defendants cited the same argument, that Andrews would have been denied coverage by the

terms of her third-party health plan regardless of the Exclusion. In response (Dkt. # 198), Plaintiffs argued that the Uniform Benefits is the only document defining the terms for coverage, including exclusions, to which all plans must adhere.

As Plaintiffs argued in response to Defendants' Motion *in Limine*, the terms of third-party health plans are irrelevant because they are dictated by the Uniform Benefits, which is the controlling document dictating coverage terms for state employees. Defendants have explicitly admitted to this fact throughout litigation, yet on the eve of trial seek to dispute it, without evidence. In doing so, they do not present evidence that the third-party health plans would have <u>actually</u> denied coverage in absence of the Exclusion. Rather, they seek to present evidence that it is <u>possible</u> that they <u>could have</u> denied coverage, and ask the jury to speculate blindly. Because this argument is contradicted by all of the undisputed evidence in the record, including Defendants own admissions, and because any scant probative value is outweighed by the danger of misleading the jury, the proposed testimony to be offered by Eileen Mallow should be excluded.

I. **UNDER THE UNIFORM BENEFITS, THIRD PARTY INSURERS DO NOT HAVE DISCRETION TO DEFINE BENEFITS.**

Third-party health plans do not have the ability to deny benefits in variance with the Uniform Benefits. See Decision and Order on Motion for Summary Judgment (Dkt. # 207 at 7). The Uniform Benefits are just that – uniform. Group Insurance Board member Lisa Ellinger described the Uniform Benefits as "the benefit package that is administered by <u>all</u> of our fully insured health plans. . . <u>uniform benefits was instituted to ensure that all those health plans were</u>

2

administering the same benefits package." Deposition of Lisa M. Ellinger (Dkt. # 68) at 38:9-19 (emphasis added). The very purpose of the Uniform Benefits is to ensure that different health plans were <u>not</u> administering different benefits, as Defendants now wish to claim.

Further, Defendants own admissions have precluded this argument. In discovery, Plaintiffs requested "[a]ll policy manuals, coverage guidelines, or other criteria used by Defendants or the third-party administrators of the Uniform Benefits plans for state employees to determine whether coverage is available for surgery to treat a medical condition, injury, infection, or congenital condition." State Defendants' Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents and Things (Dkt. # 199-1) at 3-4. In response to this Request, Defendants asserted that the Uniform Benefits are the **only** "document that provides the criteria used to determine whether coverage is available for surgery to treat a medical condition, injury, infection, or congenital condition."[1] *Id.* Further, The Uniform Benefits themselves state that "all HEALTH PLANS offering coverage to State employees must provide the Uniform Benefits described in this Attachment A. <u>The HEALTH PLAN may not alter the language, benefits or exclusions and limitations of the Uniform Benefits plan</u>." 2017 Benefits Year Uniform Benefits (Dkt. # 103-5) at 1)(capitalization in original, emphasis added).[2]

---

[1] No further discovery was conducted on the issue of third-party health plans on the basis of this representation. Allowing Defendants to argue now that third-party health plans dictate terms of coverage independently of the Uniform Benefits is highly prejudicial to Plaintiffs.

[2] The Uniform Benefits provides narrow examples of issues which are within the discretion of the individual health plans, including "MEDICAL NECESSITY, appropriateness, health care setting, level of care, effectiveness of a covered benefit, EXPERIMENTAL treatment, pre-existing condition."

3

In sum, there is no reason a third- party health plan could deny coverage if such coverage were available under the terms of the Uniform Benefits, which, by definition, apply to every health plan offered to state employees. This new argument is contradicted by the undisputed evidence and Defendants own admissions and should be excluded.

II. THE PROPOSED TESTIMONY IS NOT RELEVANT, AND ANY PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE LIKELIHOOD OF MISLEADING THE JURY.

Defendants propose to call Eileen Mallow, Director of ETF's Office of Strategic Health Policy, in support of its argument. Mallow does not work for any of the health plans with which ETF contracts to implement the Uniform Benefits. As Defendants conceded during the October 4, 2018 final pretrial conference, she cannot and will not affirmatively testify that Boyden and Andrews' specific health plans would have denied coverage for treatment in the absence of the Exclusion. Rather, she will testify that the health plans <u>could have</u> denied coverage. This testimony has no probative value and should be excluded under Fed. R. Evid. 402. Under Fed. R. Evid. 401(a), relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence." The inference Defendants wish the jury to draw – that Boyden and Andrews would have been denied coverage even in the absence of the Exclusion – is not made more

---

2017 Benefits Year Uniform Benefits at 58 (capitalization in original). Defendants have represented that they will not argue that treatment was not medically necessary, so these narrow areas of health plan discretion are inapplicable.

4

probable by Mallow's proposed testimony.[3] Because Mallow has no connection to the third-party health plans and therefore lacks foundation to testify about Boyden's and Andrews' specific health plans, her testimony merely invites the jury to speculate to a conclusion unsupported by evidence. Because the inference Defendants wish for the jury to draw calls for pure conjecture, it should be excluded. See *Berry v. Deloney*, 28 F.3d 604, 609 (7th Cir. 1994)(affirming the district court's decision to exclude evidence that defense failed to produce a report which would have verified or impeached a claim made by the defense because such evidence would have "merely invited the jury to speculate that [the defendant] suppressed evidence helpful to the plaintiff"); *Clevenger v. Bolingbrook Chevrolet, Inc.*, 401 F. Supp. 2d 878, 885-86 (N.D. Ill. 2005)("[n]either hypothesis nor speculation is proof, [] and a court has the discretion to exclude evidence 'that would have merely invited the jury to speculate' on the fact in question.")(citing *Berry*, 28 F.3d at 609); *Thakore v. Universal Mach. Co. of Pottstown, Inc.*, 670 F. Supp. 2d 705, 718 (N.D. Ill. 2009)("neither hypothesis nor speculation is a substitute for proof of damages – or anything else.")(citing *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 933 (7th Cir. 2003); *In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007); *Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005); *United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958).

---

[3] As the Court states in its jury instructions, "[a]ny inference [the jury] make[s] must be reasonable and must be based on the evidence in the case." The inference suggested by Defendants – that Boyden and Andrew would have been denied coverage under the health plans regardless of the Exclusion – is not based on evidence in this case.

Even if the Court finds Mallow's testimony to have some relevance, it should be excluded under Fed. R. Evid. 403 because its scant probative value is substantially outweighed by its potential to mislead the jury to conclude, without evidence, that the third-party health plan would, in fact, have denied coverage even in the absence of the Exclusion. According to the Committee Notes on Fed. R. Evid. 403, one factor in evaluating whether proposed evidence's probative value is outweighed by potential to mislead the jury is "availability of other means of proof." If Defendants wished to establish whether Boyden and Andrews would have been denied coverage even in the absence of the exclusion, they could have done so by presenting evidence of Plaintiffs' third-party health plans. They have not done so, and instead seek to introduce vague evidence of what Plaintiffs' health plans might be permitted to do, forcing the jury to speculate about a counter-factual situation: how the health plans would have behaved in the absence of the Exclusion. This testimony could mislead the jury into believing that coverage would have been denied under their health plans absent any evidence from the third-party insurance providers to support this conclusion. Because any probative value of this evidence is outweighed by the substantial danger of misleading the jury, it should be excluded under Fed. R. Evid. 403.

## CONCLUSION

For all of the above reasons, Plaintiffs respectfully ask the Court to preclude Defendants from arguing that their third-party insurance providers might not have approved gender-confirming surgery even in the absence of the Exclusion. Because

this is the only testimony potential witness Eileen Mallow would offer, Plaintiffs ask the Court to exclude her as a witness.

Dated this 5th day of October, 2018.

        **HAWKS QUINDEL, S.C.**
        *Counsel for Plaintiffs,*

        By: */s/ Nicholas E. Fairweather*
        Nicholas E. Fairweather, State Bar No. 1036681
        Email: nfairweather@hq-law.com
        Caitlin M. Madden, State Bar No. 1089238
        Email: cmadden@hq-law.com
        Michael R. Godbe, State Bar No. 1104823
        Email: mgodbe@hq-law.com
        Amanda M. Kuklinski, State Bar No. 1090506
        Email: akuklinski@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040

        **AMERICAN CIVIL LIBERTIES UNION OF WISCONSIN FOUNDATION**
        *Counsel for Plaintiffs,*

        By: */s/ Laurence J. Dupuis*
        Laurence J. Dupuis, State Bar No. 1029261
        Email: ldupuis@aclu-wi.org
        Asma I. Kadri, State Bar No. 1114761
        Email: akadri@aclu-wi.org
        ACLU of Wisconsin Foundation
        207 East Buffalo Street, Suite 325
        Milwaukee, Wisconsin 53202
        Telephone: (414) 272-4032

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
*Counsel for Plaintiffs,*

By: */s/ John A. Knight*
John A. Knight
Email: jknight@aclu.org
ACLU Foundation
Lesbian Gay Bisexual Transgender Project
Carolyn M. Wald
Email: cwald@aclu-il.org
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
Telephone: (312) 201-9740