IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALINA BOYDEN and SHANNON ANDREWS,

                Plaintiffs,

v.

ROBERT J. CONLIN, STATE OF WISCONSIN
DEPARTMENT OF EMPLOYEE TRUST
FUNDS, STATE OF WISCONSIN GROUP
INSURANCE BOARD, MICHAEL S. FARRELL,
STACEY ROLSON, CHARLES GRAPENTINE,
WAYLON HURBURT, THEODORE NIETZKE,
J.P. WIESKE, BOB ZIEGELBAUER, JENNIFER
STEGALL, ROBERT WIMMER, HERSCHEL
DAY, and NANCY THOMPSON,

                Defendants.

ORDER

17-cv-264-wmc

---

During the telephonic conference last week, the parties raised an issue as to the scope of admissible testimony of one of defendants' witnesses and, more generally, the admissibility of evidence and argument challenging plaintiffs' proof of causation. The court ordered the parties to file supplemental briefs on this issue. (Dkt. ##230-231.) Having reviewed this briefing, the court provides the following guidance on the scope of permissible testimony and argument. *First*, defendants may neither elicit testimony nor argue that third-party insurance providers could have adopted their own blanket exclusion for gender-confirming surgeries and procedures if the challenged Exclusion was not in place. Defendants' responses to plaintiffs' second set of requests for production, in which defendants stated that the Uniform Benefits is the "only document that provides the criteria used to determine whether coverage is available for surgery to treat a medical condition, injury, infection, or congenital condition" (Defs.' Resp. (dkt. #199-1) 3-4),

estops them from making such a challenge. Moreover, such a blanket exclusion would violate the terms of the Uniform Benefits and federal laws for reasons explained in the court's summary judgment opinion.[1]

*Second*, in seeking reimbursement of the cost of surgery it is plaintiffs' burden to demonstrate that it is more likely than not that the surgery would have been covered but for the Exclusion. As such, to the extent defendants can lay a proper foundation, their designated witness Eileen Mallow may testify and defendants may argue that, generally speaking, third-parties contractually bound to provide services under the terms of the Uniform Benefits could find a specific procedure not "medically necessary," subject to appeal. Still, absent a satisfactory proffer made outside of the juries' presence, Mallow would appear to lack personal knowledge to opine as to whether *plaintiffs'* gender-confirming surgery and procedures were medically necessary, much less whether a third-party provider would dispute plaintiffs' treatment providers' medical opinion that the surgery or procedures were medically necessary. Accordingly, this leaves defendants with the argument that plaintiffs have failed to prove a third-party would have found the procedure medically necessary under the Uniform Benefits.[2]

---

[1] For this reason, even if listed as an exhibit, it would appear that defendants would be precluded from arguing non-coverage under Dean Health Plan Medical Policy MP9469. (*See* Defs.' Suppl. Br. (dkt. #231) 7.) Indeed, at least by virtue of the version available online, that policy seems to override its own blanket determination of medical necessity for Medicare and BadgerCare patients, as well as others whose private insurance allows for coverage of "sex transformation services." *See* https://www.deancare.com/DHP/media/Documents/Medical-Policies/Dean-Sex-Trans-Surgery-Std-9469.pdf?ext=.pdf.

[2] The court is sympathetic to plaintiffs' argument that defendants effectively waived this argument by stating that the Uniform Benefits controlled, but that does not preclude defendants from arguing that third-party insurance providers play a separate role in approving or denying coverage *consistent with the Uniform Benefits*.

*Third*, regardless of whether the jury awards plaintiffs compensatory damages based on their out-of-pocket costs of surgeries and related therapies, plaintiffs may still argue that the Exclusion itself -- in other words, being subjected to a blanket discrimination -- caused them psychological pain and suffering.

*Fourth*, and finally, to address lingering concerns about causation as a separate element of plaintiffs' damage claim, the court has decided to grant defendants' request for a separate proximate cause verdict question as to each plaintiff. Accordingly, the court attaches to this order, consistent with that decision, revised closing instructions and a special verdict form. The parties will have an opportunity to review these changes with the court either at the 8:30 conference tomorrow morning or some other break during trial.

Entered this 8th day of October, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge