## INTRODUCTORY INSTRUCTIONS

Members of the jury, we are about to begin the trial of this case. Before it begins, I will give you some basic instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff. Here, as you have already heard, the plaintiffs are Alina Boyden and Shannon Andrews. The party against whom the suit is brought is called the defendant. Here, the defendants are the State of Wisconsin Department of Employee Trust Funds and the State of Wisconsin Group Insurance Board.

As you also heard during *voir dire*, plaintiffs, both state employees, seek damages from defendants based on defendants' policy of excluding gender confirming surgery and associated hormone therapy from health insurance coverage offered to state employees. The court has already determined that defendants' policy of excluding this coverage violates federal anti-discrimination statutes. Specifically, the defendants excluded from health insurance coverage provided to state employees "[p]rocedures, services, and supplies related to surgery and sex hormones associated with gender reassignment." As a practical matter, this meant that plaintiffs were wrongfully excluded from coverage for vaginoplasty, the surgical creation of a vagina, and other similar surgeries, and related hormone therapy, that were available to state employees who are not transgender and sought the same treatment to address their medical needs.

1

Your role, therefore, will be limited to determining what, if any, compensation or damages should be awarded to plaintiffs. In this case, the evidence will fall into three categories: (1) the costs of surgeries and hormone therapy paid for by the plaintiffs that would have been covered but for the Exclusion; (2) the reasonable costs of other medical treatments that the plaintiffs received and paid that would have been covered but for the Exclusion; and (3) the mental and emotional pain and suffering that plaintiffs have experienced because of the Exclusion.

**Order of Trial**

The case will proceed as follows:

<u>First</u>, plaintiffs' counsel will make an opening statement outlining their case. Immediately after plaintiffs' statement, defendants' counsel will also make an opening statement outlining their case. What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

<u>Second</u>, after the opening statements, plaintiffs will introduce evidence in support of their damages claim. Then defendants may introduce evidence to rebut plaintiffs' claims, although they are not required to introduce evidence or to call any witnesses to address plaintiffs' claimed damages. If defendants introduce evidence, plaintiffs may then introduce rebuttal evidence.

<u>Third</u>, I will give you some additional instructions on what the law allows you to award in damages in this case.

Fourth, the parties' counsel then will make closing arguments, explaining what they believe the evidence has shown and what inferences you should draw from the evidence. What is said in closing argument is also not evidence. You will ultimately be asked to decide what the evidence proves or does not prove. Plaintiffs have the right to give the first closing argument because they have the burden of proof and to make a short rebuttal argument after defendants' closing argument.

Fifth, I will provide brief instructions to guide your deliberations.

Sixth, you will retire to the jury room and begin your deliberations.

You have heard and will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim. At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

The trial day will generally run from 8:30 a.m. until 5:30 p.m., unless the case appears at risk of going beyond its promised length, in which case I may ask you to arrive a little earlier or stay later. You will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.

**Breaks and Recesses**

During breaks and recesses, as well as the end of each day, please keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial. The parties to this lawsuit have a right to expect from you that you

3

will keep an open mind throughout the trial. You should not reach a conclusion until you have heard all of the evidence, have heard the lawyers' closing arguments and my instructions to you on the law, and have retired to deliberate with the other members of the jury. Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

<u>Second</u>, I know that many of you use cell phones, computers, the internet and other tools of technology. I must warn you, in particular, against *commenting* about the trial, talking to anyone about this case or using these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or Twitter, or other applications, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, Snap Chat, LinkedIn, You Tube or whatever else that has been invented more recently. There have been news accounts recently about cases that have had to be re-tried because a member of the jury communicated electronically about the case during the trial. You can imagine what this would mean in the cost of a re-trial, the inconvenience to your fellow jurors whose work would have gone for nothing and the stress experienced by the parties.

<u>Third</u>, do not permit any person to discuss the case in your presence. If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as

you are able. Also, do not discuss that event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Fourth, although it is a normal human tendency to converse with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or witnesses. By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. The parties, attorneys and witnesses are similarly admonished, so please don't be offended when they avoid interactions with you.

Fifth and finally, you, as jurors, must decide this case based solely on the evidence presented *here* within the walls of this courtroom. No matter how interested you may become in the facts of the case, you must not do *any* independent research, investigation or experimentation about the issues or facts in the case, nor about the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, read newspapers, listen to the radio or television about anything or anyone related to this case. And, again, I would especially admonish you regarding the use of the internet (especially search engines, websites, blogs, or any other electronic tools) to obtain information about this case or to help you decide the case. In fact, do not try to find out information from any source outside the confines of this courtroom; if an internet or newspaper headline catches your eye, or a television news lead catches your ear, do *not* examine the article or listen further. For anyone familiar with the facts of a story, you

5

know that media accounts tend to be incomplete at best and inaccurate at worst. I can assure you that internet accounts are even worse. News accounts or internet blogs may also contain matters that are not proper for your consideration as a matter of law. However imperfect they may be, the rules of evidence have been developed over hundreds of years for a reason: they are the best means we've come up with to provide parties a fair hearing. For this reason, you are required to base your verdict solely on the evidence produced in court.

### Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

### Objections

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses. When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess

6

why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations. Again, there are good reasons that certain evidence is excluded and it is important that you respect these rulings and directions.

## Questions

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

If <u>you</u> wish to ask a question about something you do not understand, write it down on a separate slip of paper. If, when the lawyers have finished all of their questioning of the witness, the question is still unanswered to your satisfaction, raise your hand, the bailiff will take your written question from you. I will then review it, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

## Notetaking

If you want to take notes, there are notepads and pencils for taking notes next to the jury bench. This does not mean you <u>have</u> to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses. Keep in mind that just because

7

you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being reported, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

### Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel. You may consider only evidence that is admitted into the record. Summaries and timelines used for convenience and to help explain the facts of the case are not themselves evidence or proof of any facts.

In deciding the facts of this case, you are not to consider the following as *evidence*: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another

8

fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Contradictory or Impeaching Evidence**

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial, you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule. If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

### Depositions and Interrogatories

During the course of a trial, the lawyers may refer to or read from depositions or other sworn testimony. These are transcripts of testimony taken before trial. This testimony is given under oath, just like the testimony at this trial.

Similarly, lawyers may also refer to answers of one of the parties to interrogatories submitted by the other party. These answers were given in writing and under oath before this trial. You should give the answers the same consideration as if given by the party here in court.

### Drawing of Inferences

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

### Experts

A person's training and experience may make him or her a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. It is up to you to decide whether you believe the expert's testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

During the trial, an expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption. Such an opinion is of use to you only if the opinion is based on assumed facts that are proven later. If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.

I hope that for all of you this case is interesting and, ultimately, a gratifying experience.