# CLOSING INSTRUCTIONS

### A. Introduction

Ladies and Gentlemen of the Jury:

You are about to hear closing arguments of the parties. Before these arguments, I will instruct you on the law. After closing arguments, I will provide very brief instructions governing your deliberations. After that, the case will be in your hands.

### 1. Questions for Deliberations

As I explained at the outset of this trial, my job is to decide what rules of law apply to this case and to explain those rules to you. It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them. You must follow all of the rules; you may not follow some and ignore others.

The case will be submitted to you in the form of a special verdict consisting of 4 questions. [Read special verdict form.] In answering the questions, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

### 2. Burden of Proof

When a party has the burden to prove any matter by "a preponderance of the evidence," it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.

B. Compensatory Damages

As the party asking for damages, plaintiffs have the burden of convincing you, by a preponderance of the evidence that: (1) the Exclusion proximately caused each plaintiff injury or damage; *and* (2) the amount of those damages.

1. Proximate Cause

Each plaintiff must prove by a preponderance of the evidence that the Exclusion proximately caused her injury or damage. Here, an injury or damage is "proximately caused" by the Exclusion if it appears from the evidence in the case that the Exclusion was a substantial factor in bringing about or actually causing the injury or damage to the plaintiff, and that the plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the Exclusion.

If you find that a plaintiff has not met her burden of demonstrating proximate causation, you must answer the relevant question for that plaintiff on the verdict form "No." If you find that a plaintiff has met her burden of demonstrating proximate causation, you must answer the relevant question for that plaintiff on the verdict form "Yes." Please note that questions nos. 2 and 4 in the verdict form are only to be answered if you answer the immediately preceding question "Yes." Please read any bolded directions after a question carefully to ensure that you are not answering questions needlessly.

2. Amount of Damages

If you find that either plaintiff has shown the Exclusion of coverage for gender-confirming surgery and related hormone therapy for state employees caused her injury or damage, then you must determine the amount of money that will fairly and reasonably

compensate that plaintiff for any injury or damage sustained *as a result of the Exclusion*. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money. If you find they were caused by the Exclusion, a damage award may include both the physical and mental aspects of injury, even if they are not easy to measure.

Do not measure damages by what the lawyers ask for in their arguments. Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence. It is your job to determine from the evidence you have seen and heard what amount of the damages, if any, were sustained by virtue of the Exclusion. Examine that evidence carefully and impartially. Do not add to the damages award or subtract anything from it because of sympathy to one side or because of hostility to one side.

In assessing damages here, you should consider the following types of compensatory damages:

a) The costs of surgeries and hormone therapy received and paid for by the plaintiffs that were not covered by their State employee health insurance because of the Exclusion, including costs of financing that medical care;

b) The reasonable costs of other medical care that plaintiffs reasonably needed, actually received, and paid for that would have been covered but for the Exclusion; and

c) Mental and emotional suffering resulting from the Exclusion. No evidence of the dollar value of physical, mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate plaintiffs for the injuries they have sustained.

On the other hand, if you find that plaintiffs have failed to prove any compensatory damages, you must return a verdict for them in the amount of *one* dollar.

### C. Damages Period

As described above, you should compensate plaintiffs for any injury that you find they sustained during the period of their employment by the State of Wisconsin to the present day directly resulting from the wrongful Exclusion at issue in this lawsuit. Shannon Andrews has been a State employee and subject to the Exclusion from March 2014 to the present. Alina Boyden has been a State employee and subject to the Exclusion from May 2015 to the present. You heard testimony from plaintiffs about their gender dysphoria and efforts to treat that medical condition, which *predate* their employment with the State of Wisconsin, and thus also predate being subject to the Exclusion of coverage at issue in this lawsuit. In determining the appropriate damages award, you should *not* award plaintiffs damages for any uncovered out-of-pocket costs or emotional distress they experienced before the dates of their employment, as described above, or beyond today.